■ CONSTANTINO LANZA, Respondent, v QUEBEC & ONTARIO TRANSPORTATION Co., LTD., Appellant. — Order, Supreme Court, New York County (Lehner, J.), entered November 19, 1981, denying defendant's motion for summary judgment to dismiss the complaint as time barred, is unanimously reversed, on the law, without costs, defendant's motion granted and the complaint dismissed. Plaintiff, a longshoreman, was injured in July, 1977, while working on defendant's vessel which was docked in New York Harbor. Thereafter, plaintiff brought a Federal workers' compensation claim against the stevedore firm that employed him. On or about July 28, 1978, the plaintiff and the employer's carrier settled this claim without holding a United States Department of Labor (Department) conference. After being notified of the settlement, a claims examiner assigned to the Office of Workers' Compensation Programs (OWCP) of the Department, in a letter dated August 17, 1978, informed the parties that the matter would be referred to the inactive files after evidence of payment was received. Concededly, at no time did the carrier or plaintiff request that an order be formally filed awarding plaintiff compen-

sation, nor was such an order ever filed. In April, 1979, the plaintiff instituted an action against defendant seeking damages as a result of the accident. Defendant in its answer asserted the defense that the complaint was time barred pursuant to title 33 (§ 933, subd [b]) of the United States Code. That section provides that unless plaintiff commences an action against a third party within six months after settlement of the claim, his cause of action against the third party is automatically assigned to the employer. Based on this defense, defendant moved for summary judgment dismissing the complaint since more than six months passed between the time of the "settlement" and institution of this action. Plaintiff argued in opposition to the motion that the action is not time barred because the Statute of Limitations starts to run only upon the filing by the deputy commissioner and the board of a compensation order reflecting the settlement award; and, since no such order has been filed, the action is viable. Special Term denied defendant's motion and held that plaintiff's action was not time barred, rejecting the contention that the claims examiner's August 17 letter qualified as a compensation order setting forth a settlement award. We disagree with Special Term. After Special Term rendered its decision, the United States Court of Appeals for the Second Circuit in *Ambrosino v Transoceanic S. S. Co.* (675 F2d 470, 472) held that a Department memorandum of informal conference, which sets forth that after an informal conference settlement has been approved between plaintiff and employer, is an " 'award in a compensation order' " within the contemplation of title 33 (§ 933, subd [b]) of the United States Code so as to trigger the Statute of Limitations provision in that section. In *Ambrosino,* as in the instant case, there was neither a compensation order filed nor did the parties request one. Further, the Circuit Court held that such a memorandum satisfies the requirements of regulations 20 CFR 702.312, and 20 CFR 702.315. The Circuit Court noted (p 472) that such result furthered the Department's objective "to process in a more efficient and timely manner the increasing number of claims filed each year" and that the Department did not intend by these regulations "to inject additional technicalities into the settlement process." We find that the reasoning in *Ambrosino* applies with equal force to the matter *sub judice.* While in this case there was no informal conference, the letter of August 17 has the same effect as a memorandum after informal conference. Both serve to memorialize a settlement between the parties and for that reason the letter is an "award in a compensation order" within the meaning of the Statute of Limitations in title 33 (§ 933, subd [b]) of the United States Code. Consequently, we find that the plaintiff's action is time barred and we grant the defendant's motion for summary judgment. Concur — Sullivan, J. P., Ross, Carro, Asch and Milonas, JJ.